UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-204 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Isaiah Lemuel Elisha Ferguson (1), | |
| Defendant. | |

---

Esther Soria Mignanelli and Joseph Scott Teirab, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., The Flour Exchange, Suite 5010, 310 Fourth Avenue South, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Isaiah Lemuel Elisha Ferguson's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(a), 16(a)(1)(D), 16(a)(1)(E), 16(a)(1)(F), 16(a)(1)(G), and *Brady v. Maryland*, 373 U.S. 83 (1963) ("Motion for Discovery"). ECF No. 55.

A hearing was held on July 26, 2023. ECF No. 59. Assistant United States Attorney Esther Soria Mignanelli appeared on behalf of the Government. Attorney Kenneth U. Udoibok appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Discovery, ECF No. 55, is **GRANTED IN PART and DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A)

through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 55. This includes expert witness disclosures. *Id.* at 3 (citing Fed. R. Evid. 702, 703, & 705). At the hearing, the Government stated it has no objection to Defendant's motion.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

In addition, the parties shall disclose the identity of any expert witness and make all expert disclosures required by Rule 16 no later than 28 days before trial. The parties shall also disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Rule 16 no later than 14 days before trial. *See* ECF No. 46 at 2.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August __25__, 2023

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Ferguson et al.*
Case No. 23-cr-204(1) (SRN/TNL)