UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Isaiah Lemuel Elisha Ferguson (1),<br>and Josiah Jeremiah Ferguson (2),<br><br>                Defendants. | Case No. 23-cr-204 (SRN/TNL)<br><br>REPORT &<br>RECOMMENDATION |

Esther Soria Mignanelli and Joseph Scott Teirab, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., The Flour Exchange, Suite 5010, 310 Fourth Avenue South, Minneapolis, MN 55415 (for Defendant Isaiah Lemuel Elisha Ferguson); and

Peter B. Wold, Wold Morrison Law, TriTech Center, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401 (for Defendant Josiah Jeremiah Ferguson).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Isaiah Lemuel Elisha Ferguson's ("Isaiah Ferguson") Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 56, and Defendant Josiah Jeremiah Ferguson's ("Josiah Ferguson") Motion to Dismiss Count One, or in the Alternative to Obtain a Bill of Particulars With Respect to Count One, ECF No. 54.

These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, Judge of the

United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. Local Rule 72.1.

A hearing on the motions was held on July 26, 2023. ECF No. 59. Assistant United States Attorney Esther Soria Mignanelli appeared on behalf of the Government. Attorney Kenneth U. Udoibok appeared on behalf of Defendant Isaiah Ferguson. Attorney Peter B. Wold appeared on behalf of Defendant Josiah Ferguson. Neither party requested post-hearing briefing, and these motions are ripe for determination by the Court.

## II. BACKGROUND

On April 28, 2023, Defendants Isaiah Ferguson and Josiah Ferguson, along with a third Defendant, Curtis Lee Ferguson ("Curtis Ferguson"), were charged in a four-count Criminal Complaint. ECF No. 2.

The accompanying 21-page affidavit, signed by Federal Bureau of Investigation (FBI) Task Force Officer Adam Lepinski, alleges that Defendants conspired with one another between at least 2019 and January 4, 2023, in furtherance of the possession of firearms by convicted felons. Aff. of Adam Lepinski ¶ 9, ECF No. 2-1. According to Officer Lepinski, Defendants are all members of the Bloods criminal street gang, who commonly share firearms with one another to preserve and protect their territory and profits of the gang. *Id*. ¶¶ 8, 10-12. The affidavit details several incidents where Defendants are alleged to have conspired with one another in furtherance of the possession of firearms by convicted felons.

In one incident, on November 7, 2019, Minneapolis Police Department (MPD) officers were called to a hotel in Minneapolis because a hotel staff member found a gun

while cleaning a guest's room. *Id.* ¶ 13. According to the hotel's records, the guest who occupied the room was Defendant Isaiah Ferguson. *Id.* ¶ 14. Soon after the hotel staff contacted police, Defendant Isaiah Ferguson called the hotel and requested the room not be cleaned because he left something in the room. *Id.* ¶ 15. He was driven back to the hotel by a man that matched the description of Defendant Josiah Ferguson and in a vehicle that was registered to Defendant Josiah Ferguson. *Id.* ¶ 16. Defendant Isaiah Ferguson returned to the hotel and asked to go to the room he had occupied, but he left after hotel staff informed him that the police were on their way. *Id.* ¶ 17. MPD officers later entered the room and recovered a Glock .40 caliber semi-automatic pistol. *Id.* ¶ 18. Fingerprints collected from the slide of the Glock matched to Defendant Curtis Ferguson's fingerprints. *Id.* ¶ 19. Ballistics records confirmed that the Glock was used in a shooting on or about May 16, 2019, in Minneapolis. *Id.* ¶ 20.

On July 22, 2020, MPD officers executed a search warrant at Defendant Isaiah Ferguson's residence. *Id.* ¶ 21. The affidavit in support of the application for the search warrant relied, in part, on a confidential reliable informant who informed police that firearms were being sold out of the residence. *Id.* ¶ 22. Defendants Isaiah Ferguson and Josiah Ferguson were present at the residence at the time of the search. *Id.* ¶ 23. Officers recovered a 9mm magazine in the living room, a Glock 26 9mm handgun in Defendant Isaiah Ferguson's BMW, and papers with Defendant Isaiah Ferguson's name nearby the Glock. *Id.* ¶¶ 23-24. Officers also searched a black BMW registered to Defendant Curtis Ferguson, which matched the vehicle involved in the May 16, 2019, shooting. *Id.* ¶ 25. Officers recovered a Glock 22C .40 caliber handgun and papers with Defendant Josiah

Ferguson's name nearby. *Id*. ¶ 26. The DNA found on the Glock 22C matched Defendant Josiah Ferguson's DNA. *Id*. ¶ 27.

In another incident, on October 16, 2022, Defendant Isaiah Ferguson, holding a handgun in his right hand, approached an individual in Minneapolis. *Id*. ¶ 31. Defendant Isaiah Ferguson and the individual engaged in an altercation, during which Defendant Isaiah Ferguson was shot. *Id*. ¶¶ 32-34. Defendant Josiah Ferguson then ran into the street towards Defendant Isaiah Ferguson, holding a firearm between his legs and in a manner consistent with providing Defendant Isaiah Ferguson cover. *Id*. ¶¶ 35-36. Defendant Josiah Ferguson then turned around and fired his gun at a second individual. *Id*. ¶ 38. Officers in the area chased and arrested Defendants Isaiah Ferguson and Josiah Ferguson, who both attempted to flee on foot. *Id*. ¶¶ 40-43. Officers recovered a FN Herstal 5.7 x 28 caliber semi-automatic pistol nearby Defendant Isaiah Ferguson. *Id*. ¶ 44. Officers recovered a Glock 23 Gen 4 .40 caliber semi-automatic pistol nearby Defendant Josiah Ferguson. *Id*. ¶ 45.

On January 4, 2023, MPD officers executed another search warrant at Defendant Isaiah Ferguson's residence. *Id*. ¶ 47. Defendants Isaiah Ferguson and Curtis Ferguson were present at the time of the search. *Id*. ¶ 48. Defendant Curtis Ferguson told police, "the gun is in the basement," and "my brothers do not know about the gun inside the house." *Id*. ¶ 49. Officers later recovered a Glock 27 .40 caliber semi-automatic pistol in the basement of the residence. *Id*. ¶ 50.

Count One of the Criminal Complaint charged all three Defendants with conspiracy to commit felon in possession of a firearm between in and around 2019 through at least

January 4, 2023, in violation of 18 U.S.C. § 371.  ECF No. 2 at 1.  Count Two charged Defendant Isaiah Ferguson with felon in possession of a firearm on or about October 16, 2022, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  *Id*. at 1.  Count Three charged Defendant Josiah Ferguson with felon in possession of a firearm on or about October 16, 2022, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  *Id*. at 1-2.  Count Four charged Defendant Curtis Ferguson with felon in possession of a firearm on or about January 4, 2023, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  *Id*. at 2.

On May 12, 2023, the Government moved to dismiss Count Three of the Complaint, which charged Defendant Josiah Ferguson with felon in possession of a firearm.  ECF No. 31.  The Government requested that the dismissal be without prejudice so that it could "further review and investigate the restoration of rights evidence proffered by defense counsel."  *Id*. at 1.  The Court subsequently dismissed Count Three of the Complaint.  ECF No. 32.

On May 31, 2023, Defendants Isaiah Ferguson and Josiah Ferguson were charged in a one-count, four-page Indictment.[1]  ECF No. 36.  Count One charges Defendants Isaiah Ferguson and Josiah Ferguson with Aiding and Abetting – Felon in Possession of a Firearm.  *Id*. at 2.  According to the Indictment, "On or about October 16, 2022, in the State and District of Minnesota, [Defendant Isaiah Ferguson], aiding and abetting others, and aided and abetted by others known and unknown, including co-defendant Josiah [] Ferguson," having previously been convicted of a felony, "did knowingly possess . . . a

---

[1] Defendant Curtis Ferguson was charged in a separate Indictment.  *See United States v. Ferguson*, No. 23-cr-203 (SRN/TNL), ECF No. 34.

firearm, that is, a FN Herstal 5.7 x 28 caliber semi-automatic pistol, bearing serial number 386135467, all in violation of [18 U.S.C. §§] 922(g)(1) and 924(a)(8)." *Id*. The Indictment also includes forfeiture allegations, stating that if Defendants are convicted of Count One, they shall forfeit the FN Herstal and Glock 23 pistols. *Id*. at 3.

### III. ANALYSIS

Defendants Isaiah Ferguson and Josiah Ferguson move to dismiss Count One of the Indictment. Defendant Isaiah Ferguson argues that the Indictment "fails to state how [he] aided or abetted anyone in the possession of firearms." ECF No. 56 at 2. He further contends that the Indictment "fail[s] to state how someone connected to [him] possessed firearms or that [he] owned or constructively possessed firearms." *Id*. at 3. Defendant Josiah Ferguson argues similarly that the Indictment "fails to provide [him] with notice of the particular manner and means by which he aided and abetted a felon in possession of a firearm, of any specific acts supposedly taken by [him], or of the respective roles of the 'persons known and unknown' alleged to have been involved." ECF No. 54 at 2 (emphasis in original).

In the alternative, Defendants Isaiah Ferguson and Josiah Ferguson move for a bill of particulars. Defendant Isaiah Ferguson contends that a bill of particulars is necessary because "[t]he indictment does not provide enough information sufficient for [him] to know the nature of the charge against him and with sufficient precision to enable him to prepare for trial." ECF No. 56 at 3. Defendant Josiah Ferguson requests that the bill of particulars contain the following information: the basis for the allegation that he had knowledge that his co-defendant was a convicted felon and ineligible to possess a firearm;

6

disclosure of at least one act or omission by which he knowingly aided and abetted the co-defendant with regard to the co-defendant's possession of a firearm; disclosure of the timeframe in which the alleged aiding and abetting is alleged to have occurred; disclosure of the dates, times, and places in which the alleged aiding and abetting is alleged to have occurred; and the names of all other "known" persons alleged to have aided and abetted the co-defendant, either alongside, or independently of Josiah Ferguson. ECF No. 54 at 2-3.

The Government opposes the motions. The Government contends that the Indictment uses standard language in this District, exceeds the requirements of both the Federal Rules of Criminal Procedures and the Eighth Circuit, and sufficiently apprises Defendants of the charge to enable them to prepare a defense. Gov't's Resp. at 3, ECF No. 58. The Government also contends that a bill of particulars is not appropriate in this case because the Indictment enables Defendants "to prepare for trial and avoid the danger of surprise." *Id*. at 8.

**A. Motions to Dismiss the Indictment**

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "adequately inform the accused of the specific offense." *United States v. Hecker*, No. 10-cr-32 (JNE/SRN), 2010 WL 3463393, at *8 (D. Minn. July 6, 2010) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment adequately states an offense if

> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002)). "An indictment is normally sufficient if its language tracks the statutory language." *Id*. (citing *Hamling*, 418 U.S. at 117).

Here, the Court finds that the Indictment complies with the requirements of Rule 7(c)(1). It clearly lists the charge against Defendants and identifies the statutes they are alleged to have violated: Count One (Aiding and Abetting – Felon in Possession of a Firearm), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Indictment alleges that Defendant Isaiah Ferguson, aiding and abetting others, and aided and abetted by others, including Defendant Josiah Ferguson, possessed a firearm; that when he possessed the firearm, he had been convicted of an offense punishable by imprisonment for a term exceeding one year; that he knew he had been convicted of an offense punishable by imprisonment for a term exceeding one year; and that the possession of the firearm was in and affected interstate commerce. *See* ECF No. 36 at 2. Further, the Indictment provides a specific date that the offense took place and the specific firearm that was allegedly possessed. *Id*. Thus, the information contained in the Indictment is specific enough to inform Defendants of the charge against them and ensure they are not indicted in another prosecution for the same conduct.

Defendants Isaiah Ferguson and Josiah Ferguson argue that the Indictment fails to state with specificity *how* they committed the offense of aiding and abetting a felon in possession of a firearm. This argument, however, has long been rejected by the Eighth Circuit. "[I]t is not necessary that an indictment state how and in what manner the defendant aided and abetted another in the commission of an offense against the United States." *United States v. Garrison*, 527 F.2d 998, 999 (8th Cir. 1975); *United States v. Fultz*, 602 F.2d 830, 833 (8th Cir. 1979) (same); *Hale v. United States*, 25 F.2d 430, 434 (8th Cir. 1928) ("'Nor is the contention sound that the particular act by which the aiding and abetting was consummated must be specifically set out.'" (quoting *Coffin v. United States*, 156 U.S. 432, 448 (1895))); *see also United States v. Winborn*, No. 22-cr-319 (PJS/JFD), 2023 WL 3018546, at *3 (D. Minn. Apr. 20, 2023) ("The indictment is not required to set forth any further information on aiding and abetting because aiding and abetting is not itself a substantive crime, but a mode of criminal liability."). Thus, the Indictment need not be dismissed because it "fails to provide Defendant[s] with notice of the particular manner and means by which [they] aided and abetted a felon in possession of a firearm . . . ." *See* ECF No. 54 at 2.

Defendant Isaiah Ferguson also argues that the Indictment does not establish the essential facts constituting the offense because it does not specify *who* he aided and abetted. At the hearing, Defendant Isaiah Ferguson argued that he cannot aid himself in committing the offense of felon in possession of a firearm. Nor can he aid Defendant Josiah Ferguson because Defendant Josiah Ferguson is not ineligible to possess a firearm. The Court concludes that this argument, too, is without merit. The Indictment alleges the date on

9

which Defendant Isaiah Ferguson unlawfully possessed a firearm, describes the county and date of the prior felony convictions that made him ineligible to possess a firearm, and describes the firearm that he is alleged to have unlawfully possessed by make, model, caliber, and serial number, and further cites to the statutes he is alleged to have violated. ECF No. 36 at 2. Nothing more is required. *See Winborn*, 2023 WL 3018546, at *3 ("The indictment is not required to set forth any further information on aiding and abetting . . . ."). Aiding and abetting is "not itself an offense," but rather, is "simply one way to prove [the defendant is] guilty of [the underlying] charge." *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007). The Indictment "need not plead the government's theory of liability," and the Government is therefore not required to provide the factual bases for alleging an aiding and abetting theory in the Indictment. *See United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007); *Winborn*, 2023 WL 3018546, at *3 ("[B]ecause aiding and abetting is not a separate offense, but a theory of liability, the United States need not provide additional factual bases for alleging that theory in its indictment."); *see also, e.g.*, *United States v. Deych*, 250 F.Supp.2d 362, 369 n.5 (E.D. Mo. 2017) ("[A]n indictment is <u>not</u> required to allege the elements necessary to support an aiding and abetting theory of liability, and need not even mention aiding and abetting . . . ." (emphasis in original)). Thus, because the Indictment sets forth the elements of felon in possession of a firearm, and because the Indictment need not include the factual bases for the Government's aiding and abetting theory, the Indictment is sufficient.

As stated above, the Indictment contains all of the essential elements of the offense charged and fairly informs Defendants of the charge against which they must defend. Thus,

10

the Court cannot say that the Indictment is "so defective that it cannot be said, by any reasonable construction, to charge the offense" in the Indictment. *See Sewell*, 513 F.3d at 821. Accordingly, the Court recommends that Defendants' motions to dismiss Count One of the Indictment be denied.

### B. Motions for a Bill of Particulars

A court may, in its discretion, "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f); *see also United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993) ("The district court has broad discretion in granting or denying a bill of particulars."). A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or prosecutor." *United States v. Belfrey*, No. 14-cr-373 (ADM/TNL), 2016 WL 1301085, at *2 (D. Minn. Apr. 1, 2016) (citation and quotations omitted). In general, courts order the government to file a bill of particulars where "the indictment fail[s] sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). "[T]he primary purposes of a bill of particulars are to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *Id*. A bill of particulars, however, "is not a proper tool for discovery" and "is not to be used to provide detailed disclosure of the government's evidence at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (citations omitted).

As discussed above, the Indictment contains all the essential elements of the offense charged, fairly informs Defendants of the charge against which they must defend, and alleges sufficient information to allow Defendants to plead a conviction or acquittal as a

bar to a subsequent prosecution. It alleges that Defendant Isaiah Ferguson, aiding and abetting others, and aided and abetted by others, including Defendant Josiah Ferguson, possessed a firearm; that when he possessed the firearm, he had been convicted of an offense punishable by imprisonment for a term exceeding one year; that he knew he had been convicted of an offense punishable by imprisonment for a term exceeding one year; and that the possession of the firearm was in and affected interstate commerce. *See* ECF No. 36 at 2.

Further, the Indictment states clearly that the offense occurred on or about October 16, 2022. *Id*. The Government also stated clearly at the motions hearing that the October 16, 2022, Minneapolis shooting described in Officer Lepinski's affidavit is the subject of the offense that both Defendants are charged with in this case. Officer Lepinski's affidavit sets forth nearly 20 paragraphs about the October 16, 2022, shooting, detailing the exact address where the shooting occurred, the exact time the shooting occurred, descriptions of the video footage of the incident, and descriptions of each Defendant's role in the shooting. *See* Lepinski Aff. ¶¶ 29-46. The affidavit includes still photos from the video footage showing Defendants, the altercation, and the firearms that were recovered. *See id*. This information adequately informs Defendants about the nature of the charge against them and the essential facts of the charge and allows them to prepare their defenses for trial. Moreover, "[t]here has been no assertion here that the Government has failed to provide adequate discovery as to Count [One]." *See United States v. Finch*, No. 21-cr-157 (PAM/ECW), 2022 WL 395925, at *5 (D. Minn. Feb. 9, 2022). Thus, "[b]ecause the Indictment, coupled with the discovery provided by the Government, is sufficient to fairly

inform Defendant[s] of the charge[] against [them] so as to enable [them] to prepare for trial," their motions for a bill of particulars should be denied. *See United States v. Morales*, No. 19-cr-281(1) (SRN/BRT), 2020 WL 4043953, at *2 (D. Minn. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 4043310 (D. Minn. July 17, 2020); *see also Winborn*, 2023 WL 3018546, at *3 (denying motion for bill of particulars under similar facts).

In sum, the Court finds that the Indictment is sufficient under Rule 7(c)(1) because it contains all of the essential elements of the offense charged, fairly informs Defendants of the charges against them, and alleges sufficient information for Defendants to plead a conviction or acquittal as a bar to a subsequent prosecution. The Court also finds that a bill of particulars is not required because the Indictment, along with discovery and information provided by the Government, apprises Defendants sufficiently of the charge, enables them to prepare their defenses, and avoids the element of surprise at trial. Accordingly, the Court recommends that Defendant Isaiah Ferguson's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 56, be denied, and Defendant Josiah Ferguson's Motion to Dismiss Count One, or in the Alternative to Obtain a Bill of Particulars With Respect to Count One, ECF No. 54, be denied.

[Continued on next page.]

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Isaiah Lemuel Elisha Ferguson's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 56, be **DENIED**.

2. Defendant Josiah Jeremiah Ferguson's Motion to Dismiss Count One, or in the Alternative to Obtain a Bill of Particulars With Respect to Count One, ECF No. 54, be **DENIED**.

Date: August __25__, 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Ferguson et al.*
Case No. 23-cr-204 (SRN/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.