UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaiah Lemuel Elisha Ferguson (1),<br>And Josiah Jeremiah Ferguson (2),<br><br>Defendants. | Case No. 23-CR-204 (SRN/TNL)<br><br><br>**ORDER** |

Esther Soria Mignanelli, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government)

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., The Flour Exchange, Suite 5010, 310 Fourth Avenue South, Minneapolis, MN 55415 (for Defendant Isaiah Lemuel Elisha Ferguson); and,

Peter B. Wold, Wold Morrison Law, TriTech Center, Suite 706, 331 Second Avenue South, Minneapolis, MN 55401 (for Defendant Josiah Jeremiah Ferguson).

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Josiah Ferguson's Objection ("the Objection") [Doc. No. 69] to Magistrate Judge Tony N. Leung's August 25, 2023 Report and Recommendation ("the R&R") [Doc. No. 64], which recommends that the Court deny Defendant Isaiah Ferguson's Motion to Dismiss the Indictment, or, in the Alternative, for a Bill of Particulars ("Isaiah Ferguson's Motion") [Doc. No. 56] and that the Court deny Defendant Josiah Ferguson's Motion to Dismiss Count One, or, in the Alternative, to Obtain a Bill of Particulars with Respect to Count One ("Josiah Ferguson's Motion") [Doc.

1

No. 54]. Based on a review of the files, submissions, and proceedings herein, and for the reasons set forth below, the Court respectfully overrules the Objection, adopts the R&R, denies Isaiah Ferguson's Motion, and denies Josiah Ferguson's Motion.

## I.   BACKGROUND

On April 28, 2023, Defendants Isaiah Ferguson and Josiah Ferguson, along with a third Defendant, Curtis Lee Ferguson, were charged in a four-count Criminal Complaint. (Compl. at 1–2) [Doc. No. 2]. The Complaint and accompanying affidavit alleged that the three named defendants conspired with one another between at least 2019 and January 4, 2023, in furtherance of the unlawful possession of firearms by convicted felons. *Id*. On May 12, 2023, the Government moved to dismiss Count Three of the Complaint, which charged Defendant Josiah Ferguson with being a felon in possession of a firearm. [Doc. No. 31]. Magistrate Judge Dulce J. Foster granted the Government's motion and dismissed Count Three of the Complaint. [Doc. No. 32].

On May 31, 2023, Defendants Isaiah Ferguson and Josiah Ferguson were charged in a one-count, four-page Indictment ("the Indictment") [Doc. No. 36].[1] The single count Indictment charges the Defendants with Aiding and Abetting—Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *Id*. at 2.

The Indictment alleges that Defendants Isaiah Ferguson and Josiah Ferguson were members of the Minneapolis Bloods street gang at times relevant to the conduct alleged therein. *Id*. at 1. It further alleges that Defendant Isaiah Ferguson was a felon in unlawful

---

[1]   Defendant Curtis Lee Ferguson was charged in a separate indictment. *See United States v. Ferguson*, No. 23-cr-203 (SRN/TNL) [Doc. No. 34].

possession of a firearm on October 16, 2022, that his knowing possession of a firearm at that time was aided and abetted by Defendant Josiah Ferguson, and that Defendant Isaiah Ferguson also aided and abetted others in the commission of the same offense. *Id*. at 2.

In support of the earlier filed complaint, Officer Adam Lepinski, an FBI Task Force Officer, filed an affidavit that describes and provides still images from video footage of a shooting incident in the North Loop neighborhood of Minneapolis involving both Defendants on the night of October 16, 2022. (Compl. at 11–18.) The footage shows Defendant Isaiah Ferguson holding what appears to be a firearm, which according to Officer Lepinski was discharged and shattered a window. *Id*. at 12–13, ¶¶ 32–33. The footage then shows him starting to chase a person identified as Victim 1, and Defendant Josiah Ferguson running after them, holding what appears to be a firearm. *Id*. at 14, ¶¶ 35–36. Officer Lepinski observes that Defendant Josiah Ferguson appears to stand in a manner consistent with providing Defendant Isaiah Ferguson cover. *Id*. at 14, ¶ 36. In the footage, Defendant Josiah Ferguson appears to discharge his own firearm in the direction of a person identified as Victim 2 shortly thereafter. *Id*. at 15, ¶ 38. Responding officers arrested both Defendants at the scene after a brief attempted flight, and recovered two firearms. *Id*. at 16–17, ¶¶ 40–45.

Defendant Josiah Ferguson moves to dismiss the Indictment, arguing that it "fails to provide him with notice of the particular manner and means by which he aided and abetted a felon in possession of a firearm, of <u>any</u> specific acts supposedly taken by [him], or of the respective roles of the 'persons known and unknown' alleged to have been involved." (Josiah Ferguson's Motion at 2) (emphasis in original). In the alternative, he

3

requests a bill of particulars containing specific information, including "the basis for the allegation that [he] had knowledge that his co-defendant was a convicted felon," disclosure of a specific act by which he "knowingly aided and abetted the co-defendant," disclosure of the timeframe in which the allegation is alleged to have occurred, disclosure of the dates, times, and places in which the allegation is alleged to have occurred, and the names of all other "known" persons alleged to have aided and abetted the co-defendant. *Id*. at 3.

Defendant Isaiah Ferguson moves to dismiss Indictment, arguing that it "fails to state how [he] aided or abetted anyone in the possession of firearms" or "how someone connected to [him] possessed firearms or that [he] owned or constructively possessed firearms." (Isaiah Ferguson's Motion at 2–3.) In the alternative, he requests a bill of particulars, because "the indictment on its face does not contains [*sic*] all the essential elements of the offense charged." *Id*. at 4.

On August 25, 2023, Magistrate Judge Leung issued the R&R, recommending that the Court deny both motions. R&R at 14.

On September 5, 2023, Defendant Josiah Ferguson filed the Objection. He specifically argues that the evidence set forth in Officer Lepinski's affidavit is insufficient to support the Indictment. In its response, the Government argues that the Indictment provides fair notice of the charges against him and is therefore legally sufficient. [Doc. No. 71].

4

## II.  DISCUSSION

When a party timely objects to a magistrate judge's report and recommendation, the district court must make a de novo review of the record related to the objections. 28 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 1027 (8th Cir. 2003).

### A.  The Motions to Dismiss

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011). An indictment will be considered sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" at issue. *Id.*

Aiding and abetting is not itself a substantive crime, but a theory of criminal liability. *See United States v. Gammel*, 932 F.3d 1175, 1179 (8th Cir. 2019) (citing *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007)) Therefore, an indictment which adequately sets forth the elements of the underlying substantive offense is sufficient to inform a defendant of the charges of aiding and abetting against him. *Bailey v. United States*, 29 F.3d 627, 1994 WL 378987, at *1 (8th Cir. 1994); *also United States v. Garrison*, 527 F.2d 998, 999 (8th Cir. 1975).

In this matter, the Indictment clearly and plainly identifies the charges against the Defendants. It alleges that Defendant Isaiah Ferguson, aiding and abetting others and aided

5

and abetted by others, including Defendant Josiah Ferguson, and knowing that he had been convicted previously of at least one felony offense, did knowingly possess a firearm in and affecting interstate commerce. (*See* Indictment at 2.) It provides the date of the alleged offense conduct, the former felony convictions of Defendant Isaiah Ferguson, and the specific firearm that he is alleged to have possessed. *See id*. The Indictment is legally sufficient to inform the Defendants of the charges against them.

The Objection misses the mark. Because aiding and abetting is not itself a substantive offense, the facts supporting that particular theory of liability need not be alleged in an Indictment. *See Garrison*, 527 F.2d at 999 ("Further, it is not necessary that an indictment state how and in what manner the defendant aided and abetted another in the commission of an offense against the United States."). The Indictment plainly, concisely, and definitely informs Defendant Josaiah Ferguson of the substantive crime he is alleged to have aided and abetted, as is required by Rule 7(c)(1). Accordingly, the Court respectfully overrules the Objection.

### B.  The Requests for a Bill of Particulars

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then [they] may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *see* Fed. R. Crim. P. 7(f) ("The Court may direct the government to file a bill of particulars."). The district court has broad discretion in granting or denying a bill or particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, and to avoid

or minimize the danger of surprise at trial." *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023). A bill of particulars, however, "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence it will present at trial." *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018).

Defendant Josaiah Ferguson argues that the Indictment fails to inform him of the basis on which he is alleged to have aided and abetted the charged offense, and renews his request for disclosures of specific information, including the date, time, location, and names of individuals involved in the alleged offense, and the basis for the allegation that he had knowledge of the alleged offense. As noted above, the Indictment itself states the date that the offense is alleged to have occurred. *See* R&R at 12. Further, Officer Lepinski's affidavit provides the details of the shooting alleged to have occurred on that date, including the exact address, the exact time, descriptions and image captures of video footage from the incident, descriptions of each Defendants' role in the incident, and photos and serial numbers of the firearms allegedly involved. This information is disclosed to the Defendants and minimizes the risk of surprise at trial.

Defendant Josiah Ferguson argues that the allegation that he is a member of the Bloods gang is an insufficient basis for the charge that he aided and abetted a felon in possession of a firearm. As has recently been noted in this district, however, "a motion for a bill of particulars is not an appropriate way to challenge the sufficiency of the evidence in a criminal case, because the evidence has not yet been presented to a jury." *United States v. Winborn*, No. 22-CR-319, 2023 WL 3018546, at *2 (D. Minn. Apr. 20, 2023) (citing

*United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). This issue would more properly be addressed in a motion in limine prior to trial.

The Court finds that the Indictment provides fair and sufficient notice to the Defendants as to the charges against them, enables them to prepare a defense, and avoids or minimizes the danger of unfair surprise at trial. *See United States v. Morales*, No. 19-CR-281, 2020 WL 4043953, at*2 (D. Minn. Mar. 4, 2020), *adopted by* 2020 WL 4043310 (D. Minn. July 17, 2020) ("Because the Indictment, coupled with the discovery provided by the Government, is sufficient to fairly inform Defendant of the charges against him so as to enable him to prepare for trial, his Motion for Bill of Particulars and Motion to Dismiss Indictment should be denied."). Accordingly and respectfully, the Court overrules the Objection, adopts the R&R in its entirety, and denies the motions.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

- **A.** Defendant Josiah Ferguson's Objection [Doc. No. 69] is respectfully **OVERRULED;**
- **B.** The Report and Recommendation by Magistrate Judge Tony N. Leung [Doc. No. 64] is **ADOPTED;**
- **C.** Defendant Isaiah Ferguson's Motion to Dismiss the Indictment, or, in the Alternative, for a Bill of Particulars [Doc. No. 56] is respectfully **DENIED;**
- **D.** Defendant Josiah Ferguson's Motion to Dismiss Count One, or, in the Alternative, to Obtain a Bill of Particulars with Respect to Count One [Doc. No. 54] is respectfully **DENIED.**

**IT IS SO ORDERED.**

Dated: October 23, 2023                                    /s/ Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States District Judge