UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaiah Lemuel Elisha Ferguson,<br><br>Defendant. | Case No. 23-cr-204 (SRN/TNL)<br><br><br>**ORDER** |

Esther Soria Mignanelli and Thomas Calhoun-Lopez, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Plaintiff.

Kenneth U. Udoibok, 310 4th Avenue South, Suite 5010, Minneapolis, MN 55415, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Isaiah Ferguson's Second Motion for Acquittal [Doc. No. 99] and Motion for a New Trial [Doc. No. 100]. The Government filed a response in opposition to both motions [Doc. No. 101]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully denies both the motion for acquittal and the motion for a new trial.

I.   BACKGROUND

On May 31, 2023, Mr. Ferguson was charged by a federal indictment with one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). (Indictment [Doc. No. 36].) The indictment also charged Mr. Ferguson's brother, Josiah Ferguson, with aiding and abetting his unlawful possession of a firearm. (*Id.*) The two brothers were tried

1

as co-defendants in a jury trial that began on November 13, 2023. (*See* November 13, 2023 Minute Entry [Doc. No. 91].)

The incident underlying the charge in the indictment involved a shooting outside of the Basement Bar in Minneapolis, which occurred on October 16, 2022. The jurors heard testimony from six officers of the Minneapolis Police Department ("MPD"), two individuals who had been employed as private security for the Basement Bar on the night in question, and one of Mr. Ferguson's neighbors. In addition to the testimony, the jurors were shown evidence including surveillance footage from both inside and outside the bar during the night in question (Govt. Exs. 8, 10, 12, and 14), body-worn camera ("BWC") footage from responding MPD officers (Govt. Exs. 19, 42), still images captured from the footage shown (Govt. Exs. 15, 63), and photos taken by law enforcement (Govt. Exs. 22, 24–29, 32–36, 39–41, 43–49).

The video footage showed that Isaiah Ferguson, his brother, and their friends had an altercation in the bar with another individual, who was ultimately thrown out. (Govt. Exs. 8, 10.) Later, Isaiah Ferguson left the bar, turned a corner, and ran into the same individual with whom they had the earlier altercation. (Govt. Exs. 12, 14.) The individual pulled a handgun on Mr. Ferguson, who quickly grabbed it with one of his hands, and a struggle ensued. (Govt. Ex. 14.) According to the Government, Mr. Ferguson was holding a handgun of his own in his other hand. According to Mr. Ferguson, he was not. During the struggle, Mr. Ferguson was shot. The video, still images, and photos taken from the scene show that the window of a business directly behind the other individual was also shot and the glass was shattered. (Govt. Exs. 14, 15, 45–49.) The other individual then fled,

Josiah Ferguson arrived on the scene with a firearm only seconds later, and responding officers arrived and pursued the two brothers. (Govt. Ex. 14.) According to the responding officers' testimony, corroborated by the BWC video, the officers apprehended both brothers in a nearby parking lot. (Govt. Ex. 19.) The officers ordered the brothers to put down their weapons and get on the ground, and the brothers complied. On the ground close to where Isaiah Ferguson was arrested, the officers recovered a firearm. (Govt. Ex. 42.) They recovered a second firearm in a bag that Josiah Ferguson had been carrying. (Govt. Ex. 19.)

During the morning of November 15, 2023, after the close of the Government's case and outside the presence of the jury, both brothers made oral motions for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (November 15, 2023 Minute Entry [Doc. No. 96].) The Court granted Josiah Ferguson's motion, and he was acquitted. (*Id.*) The Court denied Isaiah Ferguson's motion, and instructed that the jury trial would proceed on the charge against him. (*Id.*) When the trial resumed that afternoon, Mr. Ferguson rested his case without calling witnesses and the parties proceeded to closing arguments. The jury was instructed that the sole question before them was whether the Government had proven, beyond a reasonable doubt, that Isaiah Ferguson knowingly and unlawfully possessed a firearm on October 16, 2022. (Trial Tr. Vol. III [Doc. No. 110] at 512–14.) The case was submitted, and the jury began deliberations at 3:00 p.m. on November 15, 2023. (November 15, 2023 Minute Entry.) Approximately one hour later, the jury returned a guilty verdict. (*Id.*)

## II. DISCUSSION

### A. Motion for Acquittal

Under Rule 29, a district court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Evidence supporting a conviction is sufficient "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007) (quoting *United States v. Weston*, 4 F.3d 672, 674 (8th Cir. 1993)). Accordingly, the Court "views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021) (quoting *United States v. Benton*, 890 F.3d 697, 708 (8th Cir. 2018)). "A conviction may be based on circumstantial as well as direct evidence. The evidence need not exclude every reasonable hypothesis except guilty." *United States v. Tate*, 633 F.3d 624, 628 (8th Cir. 2011) (quoting *United States v. Erdman*, 953 F.2d 387, 389 (8th Cir. 1992)). The Eighth Circuit has repeatedly instructed that "a jury's guilty verdict should not be overturned lightly." *Id.*; *also United States v. Simmons*, 70 F.4th 1086, 1091 (8th Cir. 2023).

In this case, to sustain a conviction under § 922(g)(1), the Government was required to prove: (1) that Mr. Ferguson had a prior felony conviction; (2) that he knowingly possessed a firearm; (3) that the firearm was in or affecting interstate commerce; and (4) that he knew of his status as a felon. *United States v. Burning Breast*, 8 F.4th 808, 812 (8th Cir. 2021). The jury was instructed on these four elements, and further instructed that Mr.

4

Ferguson and the Government had stipulated as to the first, third, and fourth element. (Trial Tr. Vol. III at 513–14.)

Mr. Ferguson challenges the sufficiency of the Government's evidence as to the second element—that he knowingly possessed a firearm on the night in question. Mr. Ferguson argues that the Government did not present any DNA evidence linking him to the gun, or any eyewitness testimony saying he was actually seen with a gun. The allegedly blurry surveillance camera footage and the Government's witness testimony that he "appeared" to possess a firearm was not, according to Mr. Ferguson, sufficient to sustain his conviction.

The Court respectfully disagrees with Mr. Ferguson's characterization of the evidence against him. On direct examination, reviewing still frames captured from the surveillance camera footage, Sergeant William Willner identified a dark object in Mr. Ferguson's hand and stated that "it appears to be a dark-colored handgun." (Trial Tr. Vol. II [Doc. No. 109] at 131.) Later, on cross-examination, Sergeant Willner drew a circle on the image around where he saw the gun. Mr. Ferguson's counsel repeatedly questioned him as to whether he could tell if the object was a gun, and suggested it may have been a phone, a pipe, or some other object, but Sergeant Willner consistently testified that it appeared to be a gun. (*Id*. at 149–50.)

One of the responding officers, Officer Jackson McLaughlin, testified that when he caught up to the brothers in the parking lot and Isaiah Ferguson turned toward him, "he had a gun in his hand." (*Id*. at 200.) According to the testimony, Josiah complied with Officer McLaughlin's orders to drop his weapon almost immediately, and the officer then focused

5

on ordering Isaiah to drop his gun, which he did. (*Id*. at 228.) In addition, the Government produced video and photo evidence of the altercation on the street between Isaiah Ferguson and the individual who shot him. During the altercation, the video shows that the window immediately behind the other individual—that is, where the alleged gun would have been pointing—shatters, and photo evidence reveals what appears to be a bullet hole in the glass. (Govt. Exs. 14, 15, 45–49.)

Viewing the evidence in the light most favorable to the Government, the Court finds that the evidence in the record is sufficient to support a finding by a reasonable trier of fact, beyond a reasonable doubt, that Mr. Ferguson knowingly possessed a firearm on the night in question. The conviction stands.

**B.**     **Motion for a New Trial**

Under Rule 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). This standard requires the district court to "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. Pickens*, No. 19-cr-314, 2022 WL 23590, at *2 (D. Minn. Jan. 3, 2022) (quoting *United States v. Eagle*, 137 F.3d 1011, 1014 (8th Cir. 1998)) The Court has broader discretion under Rule 33 than it does under Rule 29. *See United States v. De La Cruz Nava*, 80 F.4th 883, 889 (8th Cir. 2023) (explaining that, under Rule 33, "the district court need not view the evidence in the light most favorable to the government," and citing cases distinguishing the two rules). A court may grant a new trial, for example, "even if there is substantial evidence to sustain the verdict." *Id*. However, "Rule 33 motions

6

are disfavored and a district court must exercise Rule 33 authority sparingly and with caution." *United States v. Broeker*, 27 F.4th 1331, 1336 (8th Cir. 2022) (citing cases).

Mr. Ferguson argues that in this case, the interests of justice require the Court to order a new trial. Mr. Ferguson suggests that the jurors may have been confused when the Court acquitted one co-defendant but not the other, and argues that the jury could have inferred that the remaining defendant must be guilty based on the Court's action.

The Court entertained argument and granted Josiah Ferguson's motion for acquittal outside of the presence of the jury. Cognizant of the potential for juror confusion following that decision, the Court instructed the jury as follows:

> Ladies and gentlemen of the jury, at the beginning of the trial I told you that Josiah Ferguson was a defendant in this case. The charge against Defendant Josiah Ferguson has been disposed of and he is no longer a defendant in this case. You should not guess about or concern yourselves with the reason for this disposition. You are not to consider this fact when deciding if the Government has proved beyond a reasonable doubt its case against Defendant Isaiah Ferguson.

(Trial Tr. Vol. III at 482–83.) The trial then proceeded to closing arguments.

As the Eighth Circuit has observed, "our theory of trial by jury is [dependent] upon the ability of jurors to follow instructions." *United States v. Harper*, 466 F.3d 634, 647 (8th Cir. 2006); *see also Smith v. SEECO, Inc.*, 922 F.3d 406, 414 (8th Cir. 2019) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it."); *Opper v. United States*, 348 U.S. 84, 85 (1954) ("To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict."). Courts thus presume that "jurors, conscious of the gravity of their task, attend

closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them. *Harper*, 466 F.3d at 647 (quoting *Francis v. Franklin*, 471 U.S. 307, 326 n.9 (1985)).

The Court presumes that the jury followed its instructions, and fairly weighed the evidence presented, before reaching its verdict. Against this presumption, Mr. Ferguson presents no evidence of juror misconduct or confusion. He instead argues that because the jury took only one hour to deliberate, despite the number of witnesses it heard and testimony it received, it must have been confused. The Court respectfully disagrees with that analysis. By the time the case was submitted to the jury, it was presented with only a single question—did the Government prove beyond a reasonable doubt that Mr. Ferguson knowingly possessed a firearm on the night of the incident. The jury was instructed that, based on the stipulations entered into by the parties, an affirmative answer to that question must result in a guilty verdict. The Court finds that the jury, following its instructions, could reasonably have reached its verdict after an hour of deliberation. The timeframe alone does not suggest juror confusion or misconduct.

Mr. Ferguson also argues that justice requires a new trial because the verdict rendered is against the weight of the evidence. The Court respectfully disagrees, for the reasons stated in its discussion of his Rule 29 motion. Balancing the errors alleged by Mr. Ferguson against the record as a whole, the Court finds that the trial was fair, and a new trial is not required.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

A. Defendant Isaiah Ferguson's Second Motion for Acquittal [Doc. No. 99] is respectfully **DENIED**; and,

B. Defendant Isaiah Ferguson's Motion for a New Trial [Doc. No. 100] is respectfully **DENIED**.

Dated: January 18, 2024

/s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge